This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38565**

**STATE OF NEW MEXICO,**

     Plaintiff-Appellee,

v.

**CIARA MARIAH ALBRIGHT,**

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Charles W. Brown, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Santa Fe, NM
Steven J. Forsberg, Assistant Appellate Defender
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**VARGAS, Judge.**

**{1}** On appeal, Defendant contends that the district court erred in affirming her conviction in metropolitan court for driving while under the influence of intoxicating liquor (DWI). This Court issued a notice of proposed disposition, proposing to adopt the district court's reasoning and affirm. Defendant filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}**     On appeal, Defendant contends (1) that New Mexico has not previously construed the term "recklessness" in the context of a duress defense, and a definition from a child abuse case should be applied; and (2) that the metropolitan court's rejection of her defense for insufficient evidence, based on the metropolitan court's credibility determination, was improper when the wrong definition of "recklessness"— i.e., the wrong legal standard—may have been applied. [CN 1-3] Our notice proposed that the first issue was not properly preserved below and thus we would not consider it. [CN 1] Our notice also proposed to agree with the district court in its factual presentation, analysis, and conclusion as to the second issue, and proposed to adopt the district court's memorandum opinion for purposes of that issue on appeal. [CN 2-3] We also proposed to agree with the district court that, as the fact-finder determines weight and credibility and is free to reject a defendant's version of the facts, and Defendant's duress defense was predicated on her credibility, the metropolitan court's rejection of her defense based on its assessment of her credibility was proper. [CN 3] We thus proposed to affirm. [CN 3-4]

**{3}**     In her memorandum in opposition, Defendant asserts for the first time that her unpreserved issue is one of fundamental error and thus reviewable by this Court. [MIO 1] She contends it is "fundamentally unfair to a defendant's duress defense [to use] an incorrect definition of recklessness." [MIO 1] We employ the fundamental error exception to the preservation rule "only under extraordinary circumstances to prevent the miscarriage of justice[.]" *State v. Silva*, 2008-NMSC-051, ¶ 13, 144 N.M. 815, 192 P.3d 1192 (internal quotation marks and citation omitted).

> Accordingly, we will use the doctrine to reverse a conviction only if the defendant's guilt is so questionable that upholding a conviction would shock the conscience, or where, notwithstanding the apparent culpability of the defendant, substantial justice has not been served. Substantial justice has not been served when a fundamental unfairness within the system has undermined judicial integrity.

*Id.* (internal quotation marks and citation omitted). In the present case, Defendant's unpreserved issue was that the incorrect definition of recklessness was used, arguing that "the definition from the child abuse context outlined in *State v. Consaul*, 2014-NMSC-030, ¶ 37, 332 P.3d 850, should apply" to Defendant's duress defense to a DWI. [MIO 1; CN 1] However, Defendant has not explained or supported with any authority how the failure to apply a definition from a particular child abuse case amounts to a fundamental unfairness in which substantial justice was not served, or otherwise shocks the conscience. [MIO 2] *See State v. Casares*, 2014-NMCA-024, ¶ 18, 318 P.3d 200 (stating that "[w]e will not consider an issue if no authority is cited in support of the issue, because absent cited authority to support an argument, we assume no such authority exists"). We thus remain unpersuaded that Defendant has shown error as to this issue, fundamental or otherwise.

**{4}**     Defendant additionally continues to argue that the metropolitan court used an erroneous definition of recklessness in assessing her duress defense, and that the

metropolitan court did not make a credibility determination. [MIO 2] Despite her characterization of the metropolitan court's determination, however, Defendant continues to describe how the metropolitan court indicated skepticism about her defense, and does not otherwise present persuasive argument or controlling authority supporting her argument that the metropolitan court applied an erroneous legal standard or, indeed, that the district court erred in affirming the metropolitan court. [MIO 2]

{5}     Accordingly, we are unpersuaded that our proposed summary disposition was incorrect. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Thus, for the reasons stated above and in this Court's notice of proposed disposition, we affirm.

{6}     **IT IS SO ORDERED.**

**JULIE J. VARGAS, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**JENNIFER L. ATTREP, Judge**